**In the Matter of: 2000 WHITE MERCEDES ML 320 FIVE–DOOR SUV, VIN 4JGAB54EXYA197469, Listed Registrant is Yolanda Farah Llanes; etc.**

**No. 6:01–MC–134–ORL–22.**

United States District Court,
M.D. Florida,
Orlando Division.

Sept. 25, 2001.

Anita M. Cream, U.S. Attorney's Office, Middle District of Florida, Orlando, for USA, interested party.

**ORDER**

CONWAY, District Judge.

## I. INTRODUCTION

This cause comes before the Court for consideration of the United States' Emer-

gency Objection to Order of Magistrate Judge Dated August 31, 2001 Denying United States' Applications for Seizure Warrants and Motion for District Court Reconsideration (Doc. 14), filed September 10, 2001. By means of this submission, the United States seeks reversal of Magistrate Judge James G. Glazebrook's refusal to issue seizure warrants for money and other personal property assertedly connected with drug trafficking. Following two hearings in this matter, Judge Glazebrook declined the United States' request to "convert" the civil seizures of the property to criminal seizures by issuing criminal seizure warrants pursuant to 21 U.S.C. § 853(f); Judge Glazebrook reasoned that the United States had not met the condition of demonstrating that a protective order issued pursuant to 21 U.S.C. § 853(e) would be insufficient to assure the availability of the property for forfeiture. Upon review, this Court determines that the United States has not shown that Judge Glazebrook's decision was clearly erroneous or contrary to law.

## II. ANALYSIS

The property at issue is in the custody of the United States; the government represents that it previously seized the property from Yolanda Farah Llanes pursuant to civil seizure warrants. *See* Doc. 14 at 2.[1] Following the initial seizures, the government sent administrative forfeiture notices to Ms. Llanes; in turn, Ms. Llanes filed claims to the property. As a result, this matter is governed by 18 U.S.C. § 983(a)(3). That statutory provision states, in pertinent part:

(A) Not later than 90 days after a claim has been filed, the Government shall file

---

1. In other portions of its Objection, the United States represents that one of the items of property, $2,950.00 taken from a safe deposit box at Washington Mutual Bank, was seized pursuant to a federal search warrant. *See* Doc. 14 at 2–3 & 12–13.

a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not—

(i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

(ii) before the time for filing a complaint has expired—

(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government,[2] the Government's right to continued posses-sion of the property shall be governed by the applicable criminal forfeiture statute.

18 U.S.C. § 983(a)(3) (footnote added). Hence, under § 983(a)(3)(B)(ii)(I) and (II), if, before expiration of the deadline for filing a civil forfeiture complaint, the government obtains a criminal indictment containing forfeiture allegations and takes the steps necessary to preserve its right to maintain custody of the property "as provided in the applicable criminal forfeiture statute," it may continue to maintain custody of the property.

In this case, the "applicable criminal forfeiture statute" is 21 U.S.C. § 853. The United States has sought criminal seizure warrants pursuant to subsection (f) of that statute. Section 853(f) provides as follows:

The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) of this section may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

Hence, under the plain terms of § 853(f), issuance of a seizure warrant must be predicated on a determination that an order under subsection § 853(e) may not suffice.

In pertinent part, § 853(e) provides:

---

**2.** At one of the hearings before Judge Glazebrook, counsel for the United States explained that criminal forfeiture was the only forfeiture proceeding the government had commenced because no civil forfeiture complaint had been filed. *See* Doc. 16 at 13. Counsel further explained that the previously-initiated "civil administrative forfeiture can only go up until the point where a claim is made to the property[.]" *Id.*

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section—

> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

In denying the United States' request for issuance of criminal seizure warrants, Judge Glazebrook reasoned:

> This Court cannot ignore Congress's mandate that courts deny the issuance of a criminal seizure warrant where an order under § 853(e) is sufficient to assure the property's availability for forfeiture. During the *ex parte* hearings in this case, the government made no convincing argument why a restraining order or injunction prohibiting the Federal Reserve Bank from releasing the funds, and prohibiting the United States Customs Service from disposing of the Mercedes, would not be sufficient. Indeed, the government made no argument why the making of a motion for an order under § 853(e) (governing protective orders in *criminal* forfeitures) would not

fully meet the government's obligation to take "steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute" within the meaning of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Doc. 11 at 4 (emphasis in original). Judge Glazebrook further noted:

> The government has not moved for an injunction in this matter either in writing or orally. The government has not complied with Local Rule 4.06 (relating to preliminary injunctions and notice). Rather, the government argued during the hearings that it was not empowered to ask for such an injunction because an injunction would be unnecessary.

*Id.* at 4–5.[3] Judge Glazebrook concluded:

> In this case, the government is not entitled to criminal seizure warrants pursuant to 21 U.S.C. § 853(a)(1) and (f) because a protective order issued pursuant to 21 U.S.C. § 853(e) is sufficient to assure the availability of the properties for forfeiture. Pursuant to 21 U.S.C. § 853(e), the Court may enter any order necessary to assure the availability of properties for forfeiture.

*Id.* at 6.[4]

The United States argues in this appeal that "the plain meaning of the [21 U.S.C. § 853(e) & (f) ] makes clear that protective orders under section 853(e) are the alternative to be used when the United States *does not* have custody of the asset." Doc. 14 at 12 (emphasis in original). In other words, the government says that when it

---

**3.** Judge Glazebrook expressly recognized that a magistrate judge is not empowered to issue injunctions. *See* Doc. 11 at 6.

**4.** Judge Glazebrook also ruled that the Government had already taken steps necessary to

preserve its right to maintain custody of the seized property. Doc. 11 at 6–7. The United States has not specifically appealed this aspect of Judge Glazebrook's order.

already has custody of property, it is not required to obtain a protective order under § 853(e); rather, its right to keep the property is dependent on the issuance of a criminal seizure warrant pursuant to § 853(f). This Court disagrees. The United States reads into § 853(f) an exception that simply does not exist. By its clear terms, § 853(f) authorizes issuance of a criminal seizure warrant only if a protective order entered pursuant to § 853(e) may not suffice to preserve the availability of the property for forfeiture. Judge Glazebrook correctly so interpreted the statute. Judge Glazebrook's further finding, that the United States did not demonstrate that a § 853(e) protective order would be insufficient, is neither clearly erroneous nor contrary to law.[5]

## III. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. The United States' Emergency Objection to Order of Magistrate Judge Dated August 31, 2001 Denying United States' Applications for Seizure Warrants and Motion for District Court Reconsideration (Doc. 14), filed September 10, 2001, is OVERRULED AND DENIED.

2. Magistrate Judge James G. Glazebrook's Order to Preserve Forfeitable Property (Doc. 11), filed August 31, 2001, is AFFIRMED.

### ORDER TO PRESERVE FORFEITABLE PROPERTY

This cause is before the Court on the government's application for the issuance of seven criminal seizure warrants pursuant to 21 U.S.C. § 853(a)(1) and (f) for the following property:

2000 WHITE MERCEDES ML 320 FIVE–DOOR SUV, VIN 4JGAB54EXYA197469, LISTED REGISTRANT IS YOLANDA FARAH LLANES

CONTENTS OF CERTIFICATE OF DEPOSIT NO. 17900010542730 IN THE NAME OF YOLANDA FARAH LLANES, BENEFICIARIES: ALEXANDER FARAH AND BIANCA FARAH, SEIZED FROM WASHINGTON MUTUAL BANK, P.O. BOX 6868, LAKE WORTH, FLORIDA

CONTENTS OF CERTIFICATE OF DEPOSIT NO. 91000031028484 IN THE NAME OF YOLANDA FARAH LLANES IN TRUST FOR RAFAEL FARAH, SEIZED FROM BANK OF AMERICA, 1425 NW 62ND STREET, FT. LAUDERDALE, FLORIDA

CONTENTS OF ACCOUNT NO. 760–48851IN THE NAME OF YOLANDA FARAH LLANES SEIZED FROM MERRILL LYNCH, 222 BROADWAY, NEW YORK, NEW YORK 10038

CONTENTS OF ACCOUNT NO. 760–48851 (MUTUAL FUNDS) IN THE NAME OF YOLANDA FARAH LLANES SEIZED FROM MERRILL LYNCH, 222 BROADWAY, NEW YORK, NEW YORK 10038

$2,950.00 PREVIOUSLY SEIZED FROM SAFE DEPOSIT BOX # 517, LOCATED AT WASHINGTON MUTUAL BANK 18575 N.W. 67TH AVE-

---

5. The United States should note that § 853(e) allows a court to "take any other action to preserve the availability of property," not just issue injunctions and restraining orders. Hence, there might be some order short of an injunction or restraining order that will assure the availability of the property subject to forfeiture.

NUE MIAMI, FLORIDA, RENTED BY YOLANDA FARAH LLANES

CONTENTS OF CERTIFICATE OF DEPOSIT NO. 17900012105867 IN THE NAME OF YOLANDA FARAH LLANES, BENEFICIARY: RAPHAEL FARAH, LOCATED AT WASHINGTON MUTUAL BANK, P.O. BOX 6868, LAKE WORTH, FLORIDA

United States Customs Service Special Agent Jacquelyn Metzger filed a supporting affidavit which relies in part on the Master Affidavit of Internal Revenue Service Special Agent Chuck Evans dated March 20, 2001, and also on Special Agent Metzger's own earlier affidavit dated April 23, 2001 in Case No. 01–3085–01. A signed copy of Evans' Master Affidavit and of Metzger's earlier affidavit are in the file. The Court held two *ex parte* hearings on this matter in order to hear argument from the government on the applicable law.

The United States has already seized the above-listed property civilly pursuant to 21 U.S.C. § 881(a)(6) and (b) and 18 U.S.C. § 981(b) (relating to civil forfeiture). After the civil seizures, the IRS, the United States Customs Service, or both sent administrative notices of forfeiture to Yolanda Farah Llanes. Llanes filed claims to the above properties. In order to avoid releasing the property, within ninety days from the filing of the claim, the government must either file a civil forfeiture complaint or obtain a criminal indictment naming the property as subject to forfeiture. 18 U.S.C. § 983(a)(3)(B)(ii). The government has obtained an indictment in this case. In addition, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture

statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II). If the criminal forfeiture is the only forfeiture proceeding commenced by the government, the government's right to continued possession of the property is governed by the applicable criminal forfeiture statute. 18 U.S.C. § 983(a)(2)(C).

The government argued to the Court that it wished to "convert" the civil seizures of the above property to criminal seizures by obtaining criminal warrants of seizure under 21 U.S.C. § 853(f). The government argued that the issuance of criminal seizure warrants was a "step[ ] necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute" pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II).

But § 853(f) establishes a two-prong test for the issuance of a seizure warrant:

If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture *and that an order under subsection (e) of this section may not be sufficient to assure the availability of the property for forfeiture*, the court shall issue a warrant authorizing the seizure of such property.

21 U.S.C. § 853(f)(emphasis supplied). Section 853(e) (relating to protective orders) allows the Court, on application of the government, to enter a restraining order or injunction, and to "take any other action" to preserve the availability of forfeitable property. Section 853(e)(1)(A) expressly anticipates the entry of such an order upon the filing of an indictment. In other words, the Court may issue a criminal seizure warrant if, and only if, an injunction, restraining order, protective order, and "any other action" is insufficient

to assure the availability of the property for forfeiture to the United States.

This Court cannot ignore Congress's mandate that courts deny the issuance of a criminal seizure warrant where an order under § 853(e) is sufficient to assure the property's availability for forfeiture. During the *ex parte* hearings in this case, the government made no convincing argument why a restraining order or injunction prohibiting the Federal Reserve Bank from releasing the funds, and prohibiting the United States Customs Service from disposing of the Mercedes, would not be sufficient. Indeed, the government made no argument why the making of a motion for an order under § 853(e) (governing protective orders in *criminal* forfeitures) would not fully meet the government's obligation to take "steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute" within the meaning of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

The government has not moved for an injunction in this matter either in writing or orally. The government has not complied with Local Rule 4.06 (relating to preliminary injunctions and notice). Rather, the government argued during the hearings that it was not empowered to ask for such an injunction because an injunction would be unnecessary. Nevertheless, in a proposed order that the government submitted to the Court, the government proposed that the magistrate judge enter the following injunction:

"It is hereby ORDERED, ADJUDGED and DECREED:

1. That the United States shall continue to maintain custody of the following items:

2000 WHITE MERCEDES ML 320 FIVE–DOOR SUV, VIN 4JGAB54EXYA197469, LISTED REGISTRANT IS YOLANDA FARAH LLANES

CONTENTS OF CERTIFICATE OF DEPOSIT NO. 17900010542730 IN THE NAME OF YOLANDA FARAH LLANES, BENEFICIARIES: ALEXANDER FARAH AND BIANCA FARAH, SEIZED FROM WASHINGTON MUTUAL BANK, P.O. BOX 6868, LAKE WORTH, FLORIDA

CONTENTS OF CERTIFICATE OF DEPOSIT NO. 91000031028484 IN THE NAME OF YOLANDA FARAH LLANES IN TRUST FOR RAFAEL FARAH, SEIZED FROM BANK OF AMERICA, 1425 NW 62ND STREET, FT. LAUDERDALE, FLORIDA

CONTENTS OF ACCOUNT NO. 760–48851 IN THE NAME OF YOLANDA FARAH LLANES SEIZED FROM MERRILL LYNCH, 222 BROADWAY, NEW YORK, NEW YORK 10038

CONTENTS OF ACCOUNT NO. 760–48851 (MUTUAL FUNDS) IN THE NAME OF YOLANDA FARAH LLANES SEIZED FROM MERRILL LYNCH, 222 BROADWAY, NEW YORK, NEW YORK 10038

$2,950.00 PREVIOUSLY SEIZED FROM SAFE DEPOSIT BOX # 517, LOCATED AT WASHINGTON MUTUAL BANK 18575 N.W. 67TH AVENUE MIAMI, FLORIDA, RENTED BY YOLANDA FARAH LLANES

CONTENTS OF CERTIFICATE OF DEPOSIT NO. 17900012105867 IN THE NAME OF YOLANDA FARAH LLANES, BENEFICIARY: RA-

PHAEL FARAH, LOCATED AT WASHINGTON MUTUAL BANK, P.O. BOX 6868, LAKE WORTH, FLORIDA;

and

2. That none of the above-listed funds, which are held in the Department of Treasury's Asset Forfeiture Fund and the vehicle which is held by the United States Customs Service, may be transferred, dissipated, or otherwise moved until such time as the United States obtains a final judgment of forfeiture of the properties or the Court orders that the properties be returned to a claimant."

Congress has provided that the district court has subject matter jurisdiction over ancillary forfeiture proceedings under 21 U.S.C. § 853 without regard to the location of any property which has been ordered forfeited. 21 U.S.C. § 853(*l*). Congress has also empowered district judges to designate a magistrate judge to conduct evidentiary hearings, and to submit a report and recommendation for the disposition of motions. 28 U.S.C. § 636(b)(1)(B). The United States District Court for the Middle District of Florida has authorized magistrate judges to perform all additional duties as may be assigned to them (orally or in writing) by any district judge which are not inconsistent with the Constitution and laws of the United States. *See* 28 U.S.C. § 636(b)(3); Local Rule 6.01.

An ancillary proceeding under 21 U.S.C. § 853(n) is essentially civil. *United States v. Douglas,* 55 F.3d 584, 586, n. 9 (11th Cir.1995). The district court has authorized magistrate judges to determine all non-excepted motions that are referred to them in civil cases. Local Rule 6.01(18)—(19). Magistrate judges may determine

"any pretrial matter pending before the court, *except a motion for injunctive relief* ...*"* 28 U.S.C. § 636(b)(1)(A) (emphasis supplied); *see also* Local Rule 6.01(c)(14), (18). Thus, the undersigned can issue and deny the issuance of criminal warrants, and can issue other nondispositive orders in a § 853 proceeding, but cannot issue an injunction.

In this case, the government is not entitled to criminal seizure warrants pursuant to 21 U.S.C. § 853(a)(1) and (f) because a protective order issued pursuant to 21 U.S.C. § 853(e) is sufficient to assure the availability of the properties for forfeiture. Pursuant to 21 U.S.C. § 853(e), the Court may enter any order necessary to assure the availability of properties for forfeiture. But it is far from evident that § 983(a)(3)(B)(ii)(II) requires the government to take *un* necessary steps to maintain custody, such as to move for an injunction against itself where there is virtually no risk of losing custody of the property. In this case, the Court finds that the government has already taken the steps necessary to preserve its right to maintain custody of the seized property listed above as provided in the applicable criminal forfeiture statute.

According to counsel for the government, the seized funds are in the custody of the United States in the Department of Treasury's Asset Forfeiture Account in a Federal Reserve Bank. The Mercedes vehicle is in the custody of the United States Customs Service. The government has declared its intent on the record to leave the contested assets in the Department of Treasury's Asset Forfeiture Fund, and to leave the vehicle with the United States Customs Service, until such time as the United States obtains a final judgment of

forfeiture of the properties or the Court orders that the properties be returned to a claimant. In light of the government's declaration and the criminal indictment naming the property, no additional steps are necessary to preserve the government's right to maintain custody of the property as provided in the applicable criminal forfeiture statute pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II).